(24 Misc. Rep. 203.)

### COOPER v. KANTER et al.

(Supreme Court, Appellate Term. July 1, 1898.)

REVIEW OF EVIDENCE.

> In an action in the municipal court, the plaintiff recovered a judgment, which rested, not upon proof of his cause of action, but on certain qualified admissions made by defendant's counsel at the trial, and a stipulation in open court, one of the conditions of which was that all the goods in question should be returned to the defendant, and which admitted, not that $200 was due to plaintiff, but that if he had performed all the work, and completed it properly, he would be entitled to that amount, whereas he had damaged some of the goods, and had failed to return others. *Held,* that the judgment for plaintiff had no support.

Appeal from Eighth district court.

Action by Alexander Cooper against Charles Kanter and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Louis H. Levin, for appellants.

Elias Rosenthal, for respondent.

PER CURIAM.    The judgment in this case rests, not upon proof of the plaintiff's cause of action, but on certain qualified admissions made by the counsel for the defendants on the trial, and a stipulation entered into between the attorneys in open court.    One of the conditions of the stipulation was that all of the goods should be returned by the plaintiff to the defendants,—a requirement which does not seem to have been observed, as, according to the statement made by the justice at the close of the case, 169 articles were missing.    Furthermore, the admission of the counsel for defendants was, not that $200 was due to the plaintiff, but that if the plaintiff had performed all the work, and delivered it properly, he would be entitled to $200, whereas he had damaged some of the goods to the extent of $23.70, and had also failed to return others, aggregating in value over $300. There was therefore nothing in the case, so far as appears from the return, to support a judgment in favor of the plaintiff for $200, or for any other sum.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.